# NO. 12-13-00238-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JEREMY D. HOWARD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Relator Jeremy D. Howard seeks a writ of mandamus requiring "the Shelby County District Court" to rule on his "Motion for Speedy Trial And/or to Dismiss Indictment or Detainer." Relator alleges that he learned from a classification officer at the Louisiana prison where he is currently housed that "Shelby County" intends to prosecute him for a burglary two of his friends allegedly committed. According to Relator, the officer learned about the intended prosecution from a Shelby County deputy clerk. Acting upon this information, Relator wrote several letters to Shelby County officials. When he received no answer, he filed the motion that is the subject of this proceeding.

The duty of the trial court is to see that the cases before it proceed in an appropriate fashion. *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.–Texarkana Apr. 13, 2004, orig. proceeding). In general, however, it does not have a duty to rule on "free-floating motions unrelated to currently pending actions. In fact it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *Id*.

Relator has attached a copy of his motion to his mandamus petition. However, he has not provided any documents that establish the existence of a pending Shelby County action. *See* TEX. R. APP. P. 52.3(k)(1)(A) (requiring appendix containing certified or sworn copy of any document showing matter complained of), 52.7(a)(1) (requiring record including certified or sworn copy of every document material to relator's claim and filed in any underlying

proceeding).  Moreover, the Shelby County District Attorney has responded that "[t]here are no pending District Court cases against Relator in Shelby County, Texas.  There are no warrants for Relator pending in this jurisdiction.  There are no detainers lodged against Relator from Shelby County, Texas."

In a criminal case, a relator is entitled to mandamus relief only if he establishes (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act.  ***In re State ex rel. Weeks***, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013) (orig. proceeding).  The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought.  ***Id***.  Because Relator's motion is not related to any currently pending Shelby County case, Relator has not shown that the trial court has a duty to take any action on the motion.  Consequently, he has not established a clear right to mandamus relief.  Accordingly, Relator's petition for writ of mandamus is ***denied***.

Opinion delivered December 4, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 4, 2013

NO. 12-13-00238-CR

**JEREMY D. HOWARD,**
Relator
v.
**HON. CHARLES R. MITCHELL,**
Respondent

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Relator, **JEREMY D. HOWARD**. Said petition for writ of mandamus having been filed herein on July 15, 2013, and the same having been duly considered, because it is the opinion of this court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is here by **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*